UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

COREY MANNING,

           Petitioner,           Case No. 1:08-cv-1090

v.                                                Honorable Gordon J. Quist

CARMEN PALMER,

           Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner is incarcerated in the Michigan Reformatory. He was convicted in the Wayne County Circuit Court of two counts of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a); assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84; first-degree home invasion, MICH. COMP. LAWS § 750.110a(2); and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b(1). The trial court sentenced Petitioner to concurrent terms of mandatory life imprisonment without parole for the first-degree murder convictions, six to ten years' imprisonment for the assault conviction, and ten to twenty years' imprisonment for the home invasion conviction, with a consecutive two-year term for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions on October 2, 1998 and the Michigan Supreme Court denied his application for leave to appeal on May 25, 1999.

More than five years later, on December 7, 2005, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court. The trial court denied his motion on February 6, 2006 and his motion for reconsideration on April 6, 2006. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on July 17, 2007 and November 29, 2007, respectively. Petitioner also filed a state habeas petition in the Ionia County Circuit Court on August 2, 2004. The motion was denied and Petitioner did not pursue an appeal. Petitioner now raises six grounds for federal habeas corpus relief.

II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 25, 1999. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 23, 1999. Petitioner had one year, until August 23, 2000, to file his habeas application. Petitioner filed the instant petition on or about November 21, 2008, more than seven years after the statute of limitations expired. Thus, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision cannot revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Because Petitioner's one-year period expired in 2000, neither his 2004 state habeas petition nor his 2005 motion for relief from judgment can serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308

F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

With regard to the timeliness of his petition, Petitioner claims that "[i]n May or April of 2000 the counselor lost all of my transcripts and court documents. I have been gathering pieces from my co-defendant whenever circumstances permitted it using the U.S. Postal Service." (Pet., ¶ 19, docket #1.) Petitioner's allegations fall far short of meeting the requirements for equitable tolling. In light of Petitioner's more than seven year delay in filing his petition, the Court cannot find that he was pursuing his rights diligently, even if his legal documents were lost in 2000. Moreover, the loss of Petitioner's court documents by his legal counsel does not constitute an "extraordinary circumstance." An attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003); *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (collecting cases). Furthermore, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714

(5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  January 14, 2009                                       /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).