UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

COREY MANNING,

       Petitioner,

v.                                                    Case No. 1:08-CV-1090

CARMEN PALMER,                           HON. GORDON J. QUIST

       Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Petitioner's Objections to the report and recommendation dated January 14, 2009, in which Magistrate Judge Carmody recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. More specifically, the magistrate judge found that the one-year limitations period expired on August 23, 2000, but Petitioner did not file his petition until November 21, 2008. The magistrate judge also considered Petitioner's argument that he is entitled to equitable tolling based upon his claim that in May or April of 2000, "the counselor" lost all his transcripts and court documents. With regard to this issue, the magistrate judge observed that Petitioner's seven-year delay in filing his petition shows that he was not diligently pursuing his rights, even if his documents were lost in 2000. In addition, the magistrate judge noted the well-recognized rules that an attorney's mistakes and lack of diligence in preserving a claimant's rights, and a petitioner's lack of training in or familiarity with the law are insufficient bases to support equitable tolling. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and Petitioner's petition dismissed.

Petitioner asserts that the magistrate judge was mistaken in concluding that his counsel lost the transcripts and documents. Rather, Petitioner notes, his prison counselor confiscated and lost his documents. Petitioner contends that in similar circumstances, where prison officials have prevented petitioners from filing timely habeas petitions, courts have permitted equitable tolling of the limitations period.

Petitioner asks the Court to consider *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000), and *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), as supporting the proposition that equitable tolling may be most appropriate when prison authorities deprive prisoners of their habeas materials toward the end of the one-year limitations period. Even so, neither *Valverde* nor *Lott* involved circumstances even coming close to the seven-year delay in this case. The delay in *Valverde* was less than one month, while in *Lott* the petitioner was deprived of his materials for eighty-two days. Petitioner also says that he spent five years in segregation, during which time his access to legal materials was curtailed significantly. However, by Petitioner's own admission, this five-year period occurred some time ago, from 1996 to 2001, and should not have contributed to the delay. In short, Petitioner has failed to offer an acceptable basis for affording equitable tolling in these circumstances.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons set forth in the report and recommendation, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 14, 2009 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated:  February 20, 2009                                          /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE